IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PATRICK MICHAEL FINNEGAN                                                                    PLAINTIFF

v.                                      Civil No. 3:24-CV-03005-TLB-MEF

JAILER KEITH LEOPARD,
Boone County Detention Center                                                               DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Patrick Michael Finnegan, a prisoner, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that the Defendant used excessive force against him while he was detained at the Boone County Detention Center ("BCDC") in violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's order directing him to either submit a completed *in forma pauperis* ("IFP") application or pay the full filing fee. (ECF Nos. 3 & 6).

### I.     BACKGROUND

Plaintiff filed his Complaint on January 8, 2024. (ECF No. 1). Because Plaintiff is a prisoner, 28 U.S.C. § 1915(a) requires him to submit a certified copy of his trust fund account statement (or the institutional equivalent) to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(a)(2). In this case, although Plaintiff submitted an *in forma pauperis* ("IFP") application, that application was not complete because it did not include the required certified copy

of his trust fund statement. (ECF No. 2). Given this deficiency, this Court ordered Plaintiff to either submit a complete IFP application or pay the full filing fee of $405.00 by January 29, 2024, failing which this action would be subject to dismissal for failure to prosecute. (ECF No. 3). To aid Plaintiff in complying with this Order, the Court also mailed Plaintiff a blank IFP application. That order was not returned as undeliverable.

On January 31, 2024, Plaintiff submitted an IFP application. (ECF No. 5). But that IFP application was also deficient because it did not include the signed certificate of inmate account and assets form as required by law. *Id.* Accordingly, on February 1, 2024, this Court again ordered Plaintiff to either submit a completed IFP application or pay the full filing fee by February 22, 2024, failing which this matter would be subject to dismissal. (ECF No. 6). The Court then sent Plaintiff a second blank IFP application. That order was also not returned as undeliverable.

When the February 22, 2024, deadline passed without any response from Plaintiff, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to prosecute. (ECF No. 7). The Court ordered Plaintiff to submit a response to the show cause order by no later than March 19, 2024. *Id.* That order was not returned as undeliverable and the deadline for responding has now passed. Plaintiff, however, has not communicated with the Court in any way.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . .. If any communication from the Court to a *pro se* plaintiff is not responded to

within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

Plaintiff has failed to comply with three court orders: the Court's orders directing him to either pay the filing fee or submit a completed IFP application (ECF Nos. 3 & 6), and the Court's show cause order (ECF No. 7). Plaintiff has failed to prosecute this case. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

### IV.   CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of March 2024.

/s/ *Mark E. Ford*
———————————————
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE